UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIRGINIA JAMES,
    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
    Defendant.

Civil Action No. 20-0236 (CKK)

**MEMORANDUM OPINION**
(August 31, 2020)

This civil action arises out of alleged acts of negligence by the United States Postal Service ("USPS"). Now pending before the Court is USPS's Motion To Dismiss, Or Alternatively, For Summary Judgment ("Defendant's Motion"), ECF No. 3. Also pending before the Court is Plaintiff's Motion To Remand, ECF No. 5. Upon consideration of the briefing, the relevant authorities, and the record as a whole,[1] the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion. The Court hereby **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

## I.   BACKGROUND

Virginia James ("Plaintiff") suffers from a disability and chronic stiffness. Compl. at 1–3, 6. On May 13, 2019, Plaintiff was expecting a delivery of medication that was important to her ongoing medical treatment and pain management. *Id.* at 1–2. According to Plaintiff, however, this medication, which included controlled substances and prescription opioids, never arrived. *Id.*

---

[1] The Court's consideration has focused on the following:
- Not. of Removal, ECF No. 1;
- Compl., ECF No. 1-1;
- Def.'s Mot. to Dismiss, or Alternatively, for Summ. J. ("Def.'s Mot."), ECF No. 3;
- Pl.'s Mem. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), ECF No. 5;
- Def.'s Reply, ECF No. 6; and
- Pl.'s Resp. to Def.'s Mot., ECF No. 7.

1

Nonetheless, Plaintiff received a notification from USPS informing her that an individual at her residence had, in fact, received and accepted the medication. *Id.* at 2. But Plaintiff alleges that she is the only individual at her apartment who could have received the medication and that, consequently, the USPS notification of receipt was false. *Id.* Instead, Plaintiff asserts that a USPS carrier forged her signature to confirm delivery of the medication in question. *Id.*

Following this failed delivery, Plaintiff filed a complaint with the USPS Office of Inspector General. *Id.* at 3. Plaintiff's written correspondence with USPS was then sent to the Office of Consumer Affairs, which subsequently informed Plaintiff that a USPS carrier had admitted to the forgery and had "received a postal disciplinary action." *Id.* at Attachment 1 (Letter from A. Porter). Shortly thereafter, on July 31, 2019, Plaintiff filed a *pro se* civil action against USPS in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia. *Id.* at 1. Therein, Plaintiff asserted claims of negligence, mail fraud, identity theft, and forgery against USPS and sought a $10,000 judgment. *Id.* at 5–6.

The U.S. Attorney's Office, representing USPS, received a copy of Plaintiff's complaint on January 23, 2020. *See* Not. of Removal, ¶ 1. On January 29, 2020, USPS removed the complaint to this Court pursuant to 28 U.S.C. § 1442(a)(1). *See id.* ¶ 5. Two days later, on January 31, 2020, USPS moved to dismiss Plaintiff's complaint, or, in the alternative, for summary judgment. *See* Def.'s Mot. at 1–2. Of note, USPS moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. *See id.* at 4–5. In response, Plaintiff filed an opposition brief, which included a section entitled "Motion to Not Remove My Claim." *See* Pl.'s Opp'n at 1. The Court will treat this submission as a motion to remand. Both parties' motions are now ripe for the Court's review.

## II. LEGAL STANDARD & DISCUSSION

Plaintiff's claims must depart just as they have arrived.  For the reasons set forth below, the Court concludes that USPS properly removed this action to this Court, but that this Court now lacks the requisite subject matter jurisdiction to adjudicate Plaintiff's claims.  Because the Court lacks subject matter jurisdiction, it need not (and, indeed, may not) proceed to the merits of this case.  *See Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 826 (D.C. Cir. 2007).  Accordingly, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** USPS's motion to dismiss.  The Court hereby **DISMISSES** this action **WITHOUT PREJUDICE**.

### A. Removal

In her opposition brief, Plaintiff raises a "Motion to Not Remove My Claim."  Pl.'s Opp'n at 1.  Although Plaintiff does not present any traditional objections to removal therein, the Court will still consider the propriety of USPS's removal here.  *See Terrell v. Mr. Cooper Grp., Inc.*, No. CV 20-0496 (CKK), 2020 WL 4673420, at *2 (D.D.C. Aug. 12, 2020) (considering a *pro se* plaintiff's motion to remand as a "threshold question").

Removal was proper in this action.  Plaintiff filed a civil action against USPS, *see* Not. of Removal, ¶¶ 1–2, and USPS is an "agency" of the United States.  *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 483–84 (2006) (citing 39 U.S.C. § 101 *et seq.*).  Consequently, USPS may remove "[a] civil action . . . that is commenced in a State court . . . to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a); *see also Ratley v. United States Postal Serv.*, 953 F. Supp. 2d 270, 272–73 (D.D.C. 2013) (finding removal by USPS proper under § 1442(a)).  That is precisely what USPS did in this action when it removed Plaintiff's complaint from the D.C. Superior Court to the United States District Court for the District of Columbia.  *See* Not. of Removal, ¶¶ 1–5.  Moreover, there is no indication or

argument from Plaintiff that this removal was defective under the procedural guidelines set forth in 28 U.S.C. § 1446.  Of note, USPS's removal of this action on January 29, 2020 occurred within thirty days of both the issuance of summons on January 7, 2020 and the U.S. Attorney's Office's receipt of Plaintiff's complaint on January 23, 2020.  *See* Not. Removal, Ex. A; *see also* 28 U.S.C. § 1446(b)(1).  Accordingly, the Court finds no defect in removal and **DENIES** Plaintiff's motion to remand.

### B. Subject-Matter Jurisdiction

The Court will next consider USPS's motion to dismiss Plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.  *See* Def.'s Mot. at 4–5.  "At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  Nonetheless, "when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim."  *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal quotations and citations omitted).  Moreover, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence, and a court must dismiss a case where such subject matter jurisdiction is lacking.  *Am. Farm Bureau v. United States Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

Here, USPS invokes the doctrine of "derivative jurisdiction" to challenge the subject matter jurisdiction of the Court.  *See* Def.'s Mot. at 4–5.  This doctrine traces its heritage to the near century's old pronouncement of the Supreme Court that "[t]he jurisdiction of the federal court on

removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). Applying this principle, federal courts have found that "[i]f a State court lacks subject matter jurisdiction over a suit, the federal court likewise lacks jurisdiction over the suit upon removal." *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014). Put otherwise, in the context of removal, a federal court acquires "the jurisdiction of the state court from which the case originated." *Id.* (quoting *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014)). If the state court had no subject matter jurisdiction over the case, then there is no jurisdiction for the federal court to acquire upon its removal—*even if* the federal court would have possessed original jurisdiction over the matter had it been filed there in the first place. *See Merkulov*, 75 F. Supp. 3d at 129 (quoting *Lambert Run Coal Co.*, 258 U.S. at 382).

Therefore, in applying this doctrine, the Court must ask "whether, prior to removal, the Superior Court for the District of Columbia had jurisdiction of the subject matter or of the parties." *Cofield*, 64 F. Supp. 3d at 214 (quotation omitted). In this case, the D.C. Superior Court did not. Plaintiff's complaint seeks money damages from USPS as redress for alleged acts of negligence and fraud carried out by a USPS employee. *See* Compl. at 1–6. Such claims fall under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346, which provides "the only possible basis" for the recovery of damages "against a federal agency for certain torts committed by federal employees." *Epps v. United States Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008); *see also Dolan*, 546 U.S. at 484 (citing 39 U.S.C. § 409(c)). Because the FTCA endows federal district courts with exclusive jurisdiction over claims thereunder, the D.C. Superior Court could not have had subject matter jurisdiction over Plaintiff's claims. *See Merkulov*, 75 F. Supp. 3d at 130. Consequently, this Court now lacks subject matter jurisdiction, as there was no such jurisdiction to "derive" from

the D.C. Superior Court upon the removal of this action.  *See id.*  The Court must dismiss Plaintiff's claim accordingly.  *See* FED. R. CIV. P. 12(b)(1).

It does not go unnoticed, however, that the derivative jurisdiction doctrine in this case creates something of a paradox.  Plaintiff, proceeding *pro se*, filed a civil action against USPS after receiving confirmation that a mail carrier forged her signature while delivering her medication.  *See* Compl. at 1–2.  USPS then removed this action to federal court, notifying Plaintiff that this Court had original jurisdiction over her claims.  *See* Not. of Removal, ¶¶ 4–5.  But only two days later, USPS moved to dismiss the case—the same case it had just removed—for lack of subject matter jurisdiction.  *See* Def.'s Mot. at 5.  And in that very same motion, USPS also made clear that Plaintiff, in fact, could assert her claims *only* in a federal forum after all.  *See id.*  Understandably, prior courts have commented critically upon this "kind of legal *tour de force*." *Merkulov*, 75 F. Supp. 3d at 130 (quoting *Washington v. Am. League of Professional Baseball Clubs*, 460 F.2d 654, 658 (9th Cir. 1972)).

Nonetheless, the doctrine of derivative jurisdiction persists and applies here with full effect.  While Congress has eliminated the doctrine in cases involving removal under 28 U.S.C. § 1441, it has made no such change for removal under § 1442(a).  *See Merkulov*, 75 F. Supp. 3d at 130 (citing 28 U.S.C. § 1441(f)).  Accordingly, courts in this jurisdiction, and throughout the country, consistently find that the derivative jurisdiction doctrine compels the dismissal of FTCA claims removed under 28 U.S.C. § 1442(a).  *See, e.g.*, *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017) (dismissing FTCA claim removed from D.C. Superior Court for lack of subject matter jurisdiction); *Farmer v. Disability Program Manager*, No. 19-CV-01731 (TNM), 2020 WL 2571521, at *2 (D.D.C. May 21, 2020) (same).  Plaintiff's FTCA claims must meet the same fate.

## III.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court, however, will dismiss the complaint **WITHOUT PREJUDICE**, which allows Plaintiff to *re-file* her complaint in a court of competent jurisdiction with the benefit of the explanation provided in this Memorandum Opinion.

An appropriate Order accompanies this Memorandum Opinion.

Date:  August 31, 2020

                                            /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge